ROGER W. CLARK (# 108982) - Email: rclark@cgold.cc
ROBERT D. GOLDBERG (#137356) - Email: rgoldberg@cgold.cc
**THE CLARK LAW GROUP**
11355 W. Olympic Boulevard, Suite 303
Los Angeles, California 90064
Telephone: (310) 478-0077
Facsimile: (310) 478-0099

S. KEVEN STEINBERG (#151372) - Email: ksteinberg@finksteinberg.com
**FINK & STEINBERG**
11500 Olympic Boulevard, Suite 316
Los Angeles, California 90064
Telephone: (310) 268-0780
Facsimile: (310) 268-0790

Attorneys for Plaintiff
**HELI-FLITE, INC. dba ARIS HELICOPTERS**

FILED
CLERK, U.S. DISTRICT COURT
OCT 17 2014
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELI-FLITE, INC. dba ARIS HELICOPTERS, a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>INTERNATIONAL GOVERNOR SERVICES, LLC., a BBA AVIATION COMPANY, a Delaware Limited Liability Company; HONEYWELL INTERNATIONAL, INC., a Delaware Corporation; PRATT & WHITNEY CANADA, a UNITED TECHNOLOGIES COMPANY, a Canadian Company; and ONBOARD SYSTEMS, a Company of unknown nature; and DOES 1 to 100, inclusive,<br><br>Defendants. | CASE NO.: **2:14-cv-02860-SVM-FFM**<br><br>[~~PROPOSED~~] **ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

1300557.1

1

Pursuant to the Stipulated Proposed Protective Order of the parties, the Court hereby orders as follows:

The Parties to this action, by and through their respective counsel of record, in order to facilitate the exchange of information and documents which may be subject to confidentiality limitations on disclosure due to federal laws, state laws, and trade secret protection or privacy rights, stipulated as follows:

1. **GOOD CAUSE STATEMENT**

At issue in this lawsuit is a helicopter crash allegedly as a result of the malfunction, defect or failure of components parts of the helicopter, manufactured, sold or maintained by defendants. Information and documents related to the claim involve confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties also have a legitimate concern that discovery activity might involve the disclosure of information that they do not desire to make available to competitors. In addition, discovery in this action might involve Disclosure of the personnel files and records of employees of the Parties, infringing on those employees right of privacy. Thus, it is the intent of the Parties, in entering into this Stipulation, to protect, inter alia, the following categories of documents:

A. Financial information;

B. Documents and Information subject to restrictions on Disclosure pursuant to any federal or state law or regulation;

C. Personnel files and records;

D. Trade Secrets and Proprietary information;

E. Customer lists;

F. Marketing plans and strategy.

2. **LIMITATIONS**

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

The parties further acknowledge, as set forth in Section 15, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5.1 and, if applicable, the procedures of the Central District Pilot Project for the Electronic Submission and Filing of Under Seal Documents must be followed and provides the standards that will be applied when a Party seeks permission from the court to file material under seal.

1300557.1

3

3. **DEFINITIONS**

As used in this Protective Order, these terms have the following meanings:

A. **"Confidential"** means any information which is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law.

B. **"Trade Secret"** means a "trade secret" within the meaning of the Uniform Trade Secrets Act., California Civil Code Sections 3426 through 3426.11.

C. **"Confidential Materials"** means any Documents, Testimony or Information as defined below designated as "Confidential" pursuant to the provisions of this Stipulation and Protective Order.

D. **"Designating Party"** means the Party that designates Materials as "Confidential."

E. **"Disclose"** or **"Disclosed"** or **"Disclosure"** means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

F. **"Documents"** means (1) any "writing", "recording", "photograph", "original" and "duplicate" defined in Federal Rule of Evidence 1001, (2) any "documents" and "electronically stored information" within the meaning of Federal Rule of Civil Procedure 34, and (3) any copies, reproductions, or summaries of all or any part of the foregoing.

G.  **"Information"** means the content of Documents or Testimony.

H.  **"Testimony"** means all depositions, declarations or other testimony taken or used in this Proceeding.

I.  **"Party"** means any Party to this action, including all of its officers, directors, employees, consultants, retained experts and outside counsel (and their support staff).

4.  **SCOPE**

The protections conferred by this Stipulation and Order cover not only the categories of documents set forth in Paragraph 1, above, but also (1) any information copied or extracted from Confidential Materials; (2) all copies, excerpts, summaries, or compilations of Confidential Materials; and (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Information.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of Disclosure of the Confidential Materials or becomes part of the public domain after its Disclosure as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Parties receiving the Confidential Materials prior

to the Disclosure or obtained by the Parties receiving the Confidential Materials after the Disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Materials at trial shall be governed by a separate agreement or order.

5. **DESIGNATION OF DOCUMENTS AS CONFIDENTIAL**

A. The Designating Party shall have the right to designate as "Confidential" any Documents, Testimony or Information that the Designating Party in good faith believes to contain non-public information that is entitled to confidential treatment under applicable law.

B. Any Documents, Testimony or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony or Information is Disclosed or produced. The Parties may agree that the case name and number are to be part of the "Confidential" designation. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

C. For Documents (apart from transcripts of depositions), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material.

1300557.1

6

D.  Confidentiality designations for depositions shall be made either on the record prior to the conclusion of the deposition, or by written notice to other Parties within 10 days of receipt of the transcript. When portions of the deposition testimony are designated for protection, the transcript pages containing Confidential Information shall be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

E.  For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, shall identify the "Confidential" portions.

6.  **ACCESS TO CONFIDENTIAL INFORMATION**

Access to any Confidential Information shall be limited to:

(a)  The Court and its officers;

(b)  Attorneys of record in the lawsuit and their affiliated attorneys, paralegals, clerical and secretarial staff employed by such attorneys who are actively involved in the lawsuit;

1300557.1

7

(c)  In-house counsel to the undersigned Parties and the paralegal, clerical and secretarial staff employed by such counsel;

(d)  Persons shown on the face of the Document to have authored or received it;

(e)  Court reporters retained to transcribe testimony;

(f)  Those officers, directors, partners, members, employees and agents of all non-designating Parties that counsel for such Parties deems necessary to aid counsel in the prosecution and defense of this action, provided, however, that each non-lawyer given access to Confidential Materials shall be advised that such Materials are being Disclosed pursuant to, and are subject to, the terms of this Stipulation and Protective Order and that they may not be Disclosed other than pursuant to its terms;

(g)  Experts or consultants (including trial or jury consultants) not otherwise associated with any Party who are retained by a Party or its attorneys to consult with a Party with respect to this litigation, and furnish technical or expert services, or to give expert testimony in this action; and

(h)  During their depositions, witnesses in the action to whom Disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit "A".

1300557.1

8

## 7. DESIGNATION BY THIRD PARTIES

Third Parties producing Documents in the course of this action may also designate Documents as Confidential, subject to the same protections and constraints as the Parties to the action. A copy of the Protective Order shall be served upon such third Parties, along with any subpoena served in connection with this action.

## 8. DISCLOSURE TO EXPERTS

A. Each person appropriately designated pursuant to this paragraph 6(g) to receive Confidential Material shall execute the "Agreement to Be Bound by Protective Order" attached hereto as Exhibit "A".

B. Opposing counsel shall be notified at least 10 days prior to disclosure to any person designated pursuant to paragraph 6(g) who is known or believed to be to be an employee or agent of, or consultant to, any competitor of the Party whose Confidential Materials are sought to be Disclosed. Such notice shall provide a reasonable description of the outside independent person to whom Disclosure is sought sufficient to permit objection to be made. If a Party objects in writing to such Disclosure within 10 days after receipt of notice, no Disclosure shall be made until the Party seeking Disclosure obtains the prior approval of the Court or the objecting Party.

## 9. DEPOSITIONS

All depositions or portions of depositions taken in this action that contain Trade Secret or other Confidential Information may be designated Confidential and thereby obtain the protections accorded other Confidential documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other Party within 10 days of receipt of the transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential information shall be taken only in the presence of persons who are qualified to have access to such information.

## 10. INADVERTENT PRODUCTION OR DISCLOSURE

A. The inadvertent production by any Party or non-Party to this lawsuit of any Document, Testimony or Information during discovery in this lawsuit without a "Confidential" designation shall be without prejudice to any claim that such item is "Confidential" and such Party shall not be held to have waived any rights by such inadvertent production.

B. In the event that any Document, Testimony or Information that is subject to a "Confidential" designation is inadvertently produced without such designation, the Party that inadvertently produced the document shall give written notice of such inadvertent production within twenty (20) days of discovery of the

inadvertent production, together with a further copy of the subject Document, Testimony or Information designated as "Confidential" (the "Inadvertent Production Notice"). Upon receipt of such Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony or Information shall promptly destroy the inadvertently produced Document, Testimony or Information and all copies thereof, or, at the expense of the producing Party, return such together with all copies of such Document, Testimony or Information to counsel for the producing Party and shall retain only the "Confidential" designated Materials. Should the receiving Party choose to destroy such inadvertently produced Document, Testimony or Information, the receiving Party shall notify the producing Party in writing of such destruction within ten (10) days of receipt of written notice of the inadvertent production.

B. Any Party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

**11.** **FILING DOCUMENTS WITH COURT**

If a Party files a document containing Confidential information with the Court, it shall do so in compliance with the Electronic Case Filing Procedures for the Central District of California. Prior to disclosure at trial or a hearing of materials or information designated "Confidential", the Parties may seek further protections against public disclosure from the Court.

**12.** **OBJECTIONS TO CONFIDENTIALITY DESIGNATIONS**

Any Party objecting to the designation of any Material or information as Confidential must give counsel for the Designating Party written notice of its reasons for the objection and within ten (10) business days of such notice meet and confer with counsel for the Designating Party in a good faith effort to resolve their differences. Failing resolution within this ten (10) business day period, the Party objecting may, on duly noticed motion or otherwise, seek an order from the Court changing or removing the designation. A Party may apply to the Court for an order, based upon a showing of goods cause, to shorten the ten (10) day period for bringing such motions. The Party seeking to maintain such designation shall have the burden of proof that its designation of such Material or Information as Confidential is appropriate and should be upheld.

### 13. USE OF CONFIDENTIAL INFORMATION

All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 6. Confidential Information may not be used for competitive purposes.

### 14. FILING UNDER SEAL

When any Confidential Materials or Information derived from Confidential Materials, is included in any motion or other Document filed with the Court, it shall be accompanied with an application, pursuant to Local Rule 79-5.1 to file the Document, or the Confidential portions thereof, under seal. If the application is granted, the Document shall be separately filed with the clerk of the Court in an envelope marked: "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER."

### 15. PROCEDURES UPON TERMINATION OF LAWSUIT

Within 60 days of the termination of this action, including any appeals, each Party shall either destroy or return to the opposing Party all documents designated by the opposing Party as "Confidential", and all copies of such documents, and shall

destroy all extracts and/or data taken from such documents, provided, however, attorneys of record in the lawsuit shall be entitled to retain one set of all documents filed with the Court, all correspondence generated in connection with the action, all work product, and one copy of each deposition together with the exhibits marked at the deposition.

### 16. SURVIVABILITY OF OBLIGATIONS

The obligations imposed by the Protective Order shall survive the termination of this action. Within 60 days following the expiration of the last period for appeal from any order issued in connection with this action, the Parties shall remove any materials designated "Confidential" from the office of the Clerk of Court. Following that 60-day period, the Clerk of Court shall destroy all "Confidential" materials.

### 17. SUBPOENA OF CONFIDENTIAL DOCUMENTS

If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process ("Subpoena") from any government or other person or entity demanding production of Confidential Materials, the recipient of the Subpoena shall promptly give notice of the same by electronic mail transmission, followed by either express mail or overnight delivery to counsel of record for the Designating Party, and shall furnish

such counsel with a copy of the Subpoena. Upon receipt of this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the Subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the Subpoena may not produce any Documents, Testimony or Information pursuant to the Subpoena prior to the date specified for production on the Subpoena.

**18.     NO ADMISSION, WAIVER OR PREJUDICE**

Entering into, agreeing to, or complying with the terms of this Stipulation and Protective Order shall not:

a.     Operate as an admission by any person that any particular Document, Testimony or Information marked "Confidential" contains or reflects trade secrets, proprietary, confidential or competitively sensitive business, commercial, financial or personal information;

b.     Alter, waive, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

    c.    Prejudice in any way the right of any Party (or any other person subject to the terms of this Stipulation and Protective Order):

        i.    to seek a determination by the Court of whether any particular Confidential Material should be subject to protection as "Confidential" under the terms of this Stipulation and Protective Order; or

        ii.    to seek relief from the Court on appropriate notice to all other Parties to the Proceeding from any provision(s) of this Stipulation and Protective Order, either generally or as to any particular Document, Material or Information.

    d.    Affect the admissibility into evidence of Confidential Materials, or abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material.

**IT IS SO ORDERED:**

DATED: /0-17-14

HON. FREDERICK F. MUMM
U.S. MAGISTRATE JUDGE

# **EXHIBIT A**

## **ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Heli-Flite, Inc. v. International Governor Services, et.al*, United States District Court of the Central District of California Case No..: 2:14-CV-02860-SVW-FFM.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

1300557.1

17

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name : _____

Signature : _____

THE CLARK LAW GROUP
ATTORNEYS AT LAW
11355 W. OLYMPIC BOULEVARD, SUITE 303
LOS ANGELES, CALIFORNIA 90064
(310) 478-0077   (310) 478-0099 FAX